Circuit Court for Anne Arundel County
Case No. C-02-CV-21-000509
Argued: May 5, 2023

IN THE SUPREME COURT

OF MARYLAND*

No. 32

September Term, 2022

_____

COMPTROLLER OF MARYLAND

v.

COMCAST OF CALIFORNIA, MARYLAND,
PENNSYLVANIA, VIRGINIA, WEST
VIRGINIA, LLC, ET AL.

_____

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

_____

PER CURIAM ORDER

_____

Filed: May 9, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk

* At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

COMPTROLLER OF MARYLAND

v.

COMCAST OF CALIFORNIA,
MARYLAND, PENNSYLVANIA,
VIRGINIA, WEST VIRGINIA, LLC,
ET AL.

\*

\*

\*

\*

\*

\*

\*

IN THE

SUPREME COURT

OF MARYLAND

No. 32

September Term, 2022

PER CURIAM ORDER

Upon consideration of the filings by the Comptroller of Maryland, the appellant, Comcast of California, Maryland, Pennsylvania, Virginia, West Virginia, LLC, et al., the appellees, and *amici curiae* supporting both parties, and oral argument conducted on May 5, 2023,

Whereas, on September 10, 2021, the appellees filed an amended complaint in the Circuit Court for Anne Arundel County seeking a declaratory judgment that Maryland's Digital Advertising Gross Revenues Tax, Title 7.5 of the Tax-General Article, is unconstitutional; and

Whereas, on October 12, 2021, the Comptroller moved to dismiss the amended complaint. The Comptroller argued, among other things, that the circuit court lacked jurisdiction over the action because the appellees had failed to exhaust their administrative remedies. On March 14, 2022, following a hearing, the circuit court denied that aspect of the Comptroller's motion to dismiss and permitted all but one count of the amended complaint to proceed; and

Whereas, on April 5, 2022, the Comptroller and the appellees each filed motions for summary judgment. The Comptroller again argued, among other things, that the circuit court lacked jurisdiction over the action because the appellees had failed to exhaust administrative remedies. The appellees argued that the Maryland Digital Advertising Gross Revenues Tax violates the United States Constitution and the Maryland Declaration of Rights, and sought a declaration to that effect; and

Whereas, in an order entered on October 21, 2022, after a hearing, the circuit court granted the appellees' motion for summary judgment as to counts one, six, and eight of the amended complaint, and denied the Comptroller's motion for summary judgment. In a final declaratory judgment order entered on November 18, 2022, the circuit court declared that the "Maryland Digital Advertising Gross Revenues Tax violates the Supremacy Clause of the United States Constitution and the Internet Tax Freedom Act (Count One), the dormant Commerce Clause of the United States Constitution (Count Six), and the First Amendment to the United States Constitution (Count Eight)"; and

Whereas, the Comptroller noted an appeal from the circuit court's judgment and thereafter sought review in this Court by filing a petition for writ of certiorari, which this Court granted; and

Whereas, contemporaneous with the petition for writ of certiorari, the Comptroller filed a motion to stay enforcement of the circuit court's declaratory judgment pending appeal. In the motion, the Comptroller argued that a stay was needed to prevent interference with the tax assessment and collection process before the appellees had

exhausted their administrative remedies.  Upon consideration of the motion to stay and the response filed by the appellees, the Court denied the motion; and

Whereas, on May 5, 2023, this Court held oral argument,

Now, therefore, for reasons to be stated later in an opinion to be filed, this 9th day of May 2023, the Supreme Court of Maryland, a majority of the Court concurring, HOLDS that the Circuit Court for Anne Arundel County lacked jurisdiction over this action because the appellees failed to exhaust their administrative remedies; and it is therefore

ORDERED, that the following orders of the Circuit Court for Anne Arundel County are hereby VACATED:  (1) the March 14, 2022 order denying in part the Comptroller's motion to dismiss; (2) the October 21, 2022 order granting in part the appellees' motion for summary judgment and denying the Comptroller's motion for summary judgment; and (3) the November 18, 2022 final declaratory judgment; and it is further

ORDERED, that this action is remanded to the Circuit Court for Anne Arundel County with directions to dismiss the action; and it is further

ORDERED, that costs are to be paid by the appellees and the mandate is to issue forthwith.


      /s/ Matthew J. Fader
          Chief Justice

3